# CHARLESTON.

FIRST NATIONAL BANK OF PARKERSBURG v. JOHN C. DEPUE
et al.

(No. 5210.)

Submitted April 21, 1925.    Decided September 15, 1925.

APPEAL AND ERROR—*Decree of Circuit Court, Based on Finding of Fact Contrary to Plain Preponderance of Evidence, Should Be Reversed.*

A decree of the circuit court based upon a finding of fact contrary to the plain preponderance of the evidence should be reversed.

(Appeal and Error, 4 C. J. § 2871.)

(Note:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Appeal from Circuit Court, Wirt County.

Suit by the First National Bank of Parkersburg, on behalf of itself and all other lien creditors of P. T. L. Depue and another, against John C. Depue and others, to sell certain land in satisfaction of judgment in former suit. From a decree granting relief prayed in answer of defendants Susan C. Goff and others, defendants C. S. Vandale and J. H. Depue appeal.

*Reversed.*

*J. W. Martin, William Beard,* and *S. P. Bell,* for appellants.
*Smith D. Turner,* for appellees Gibbs and Goff.

LITZ, JUDGE:

By decree of May 14, 1912, in a lien creditors' suit lately pending in the circuit court of Wirt county against John C. Depue and P. T. L. Depue, to which First National Bank of Parkersburg and Susan C. Goff were parties, a lien for $1,421.00 on the surface and two-fifths of the mineral of a tract of 124½ acres of land belonging to the Depues was declared in favor of said Susan C. Goff. Thereafter this tract and other lands of the said Depues were sold and conveyed in the cause to C. S. Vandale and J. H. Depue. Another decree entered in said suit November 15, 1912, confirming the sale and reciting the assignment to said purchasers by Susan C. Goff

of the lien theretofore declared to her, allowed credit to them for the amount thereof on the purchase price of the property.

At December rules, 1916, First National Bank of Parkersburg, plaintiff herein, filed, on behalf of itself and all other lien creditors of P. T. L. Depue and John C. Depue, its bill substantially alleging that a judgment decreed to it in the former suit against the said John C. and P. T. L. Depue had not been fully satisfied, and praying that certain land of the lien debtors be sold in satisfaction thereof.

By its second amended and supplemental bill, to which C. S. Vandale, J. H. Depue and Susan C. Goff were parties, the plaintiff charges that the lands sold in the former proceeding, including the 124½-acres tract, were purchased by C. S. Vandale and J. H. Depue on behalf of P. T. L. and John C. Depue; and prays for sale thereof in discharge of the plaintiff's demand.

June 6, 1921, Susan C. Goff and Susie Haggerty Goff, who came in by petition, filed their joint and several answer, denying the making of the alleged assignment by Susan C. Goff to C. S. Vandale and J. H. Depue; averring in effect that Susan C. Goff had, by deed dated November 25, 1920, conveyed and assigned the said judgment lien decreed to her in the original suit to Susie Haggerty Goff; and praying that the said Susie Haggerty Goff be declared the owner thereof and that the surface and two-fifths of the minerals underlying the 124½ acres of land be sold to satisfy the same.

From a decree granting the relief sought by the aforesaid answer the defendants C. S. Vandale and J. H. Depue appeal.

The alleged assignment by Susan C. Goff to C. S. Vandale and J. H. Depue having been fully established, as well by the original writing evidencing the same as by uncontradicted testimony of its execution, the decree complained of is plainly erroneous, and should be reversed. If the consideration for the assignment has not been satisfied, the remedy, if any, is at law.

An order will therefore be entered reversing the circuit court and dismissing the answer of Susan C. Goff and Susie Haggerty Goff.

*Reversed.*